C. M. HOWARD v. J. K. HUNTER'S ADMR.

**Mortgage No Lien When Mortgagor Has No Title to Property Mortgaged.**

Where a mortgagor's real estate is sold on execution, thereafter he has nothing to mortgage except his equity of redemption, and where he does not redeem within the year the holder of such mortgage has no lien on the property.

APPEAL FROM ELLIOT CIRCUIT COURT.

June 9, 1885.

OPINION BY JUDGE LEWIS:

September 20, 1871, the execution in force of Lane & Bodley was issued against James K. Hunter, and levied on the land in controversy, which was on November 20, 1871, duly sold by the

33

sheriff and purchased for the plaintiffs in the execution at $100, which was less than two-thirds of its value.

The mortgage from James K. Hunter to appellant on the same land was not executed until January 1, 1872.

It is manifest, therefore, that the only interest James K. Hunter had in the land at the date of the mortgage was the equity of redemption. But he died without redeeming the land in the manner prescribed by law, nor did anyone for him even offer to redeem it. And as it was not redeemed within one year from the sale under execution, Lane & Bodley became entitled to a deed from the sheriff, and of course had a right to transfer their interest to appellees, to whom, by their direction, the sheriff conveyed the land.

Whatever interest in the land James K. Hunter had to mortgage to appellant was lost by his failure to redeem within one year from November 20, 1871. And of course when this action was commenced by appellant, in 1877, the title being in appellees, there was, in fact, no mortgage lien thereon existing, and no interest in the land which could be made subject to his debt. The petition was, therefore, properly dismissed, and the judgment must be affirmed.

Judgment *affirmed*.

*J. E. Cooper, for appellant.*

*J. R. Botts, for appellee.*